**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LANCE REBERGER, | No. 11-15358 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02022-GMN-GWF |
| v. | |
| GREG COX, NDOC Deputy of Operations; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted April 17, 2012[**]

Before: LEAVY, PAEZ, and BEA, Circuit Judges.

Lance Reberger, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging prison officials

violated his civil rights. We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

de novo a district court's dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005), and we affirm.

The district court properly dismissed Reberger's claims that prison officials deprived him of property without due process because Reberger had an adequate postdeprivation remedy under Nevada law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also* Nev. Rev. Stat. §§ 41.031, 41.0322.

Reberger's remaining contentions are unpersuasive.

**AFFIRMED.**